**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1864

FRANK QUAGLIA,

Plaintiff, Appellant,

v.

BRAVO NETWORKS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Selya and Howard,
Circuit Judges.

Frank Quaglia on brief pro se.
Daniel M. Kummer, Barry I. Slotnick, Loeb & Loeb LLP,
Jonathan M. Albano and Bingham McCutchen on brief for appellees.

December 15, 2006

**Per Curiam**.    Frank Quaglia, creator of the film "The Ultimate Audition," brought an action against defendants Rainbow Media Holdings LLC, National Broadcasting Company, and Bravo Company (collectively, "Bravo"), creators of the television series "The It Factor," for copyright infringement. Quaglia also asserted claims under state law for breach of confidentiality and breach of implied contract.  The district court granted summary judgment to Bravo, concluding that with respect to the copyright claim, Quaglia had failed to present any genuine issue of material fact on the issues of access or substantial similarity.  The court also denied Quaglia's state law claims. Quaglia now appeals that ruling. Essentially for the reasons set forth in the district court's March 21, 2006, ruling, we affirm.

To prevail on a claim of copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Pubs., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 32 (1st Cir. 2001).  Bravo does not dispute that Quaglia has a valid copyright in "The Ultimate Audition."  Accordingly, we focus on the second element in the infringement analysis.

Since there is usually no evidence of actual copying, a plaintiff may prove that wrongful copying occurred by showing that defendants had access to the copyrighted work and that the

allegedly infringing work has "probative similarity" to the copyrighted work. Johnson v. Gordon, 409 F.3d 12, 18 (1st Cir. 2005); see Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995) ("Probative similarity" exists where two works are "so similar that the court may infer that there was factual copying."). Once copying has been proven, "'the plaintiff must prove that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" Yankee Candle Co., 259 F.3d at 33 (quoting Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 60 (1st Cir. 2000)).

Quaglia argues that there was evidence in the record sufficient to support an inference that Debbie DeMontreux, the Bravo employee who developed "The It Factor," had access to "The Ultimate Audition." Even assuming arguendo that the record was sufficient to establish access, Quaglia's claim fails on the issue of probative and substantial similarity.[1] After viewing both

---

[1]Although the concepts of probative similarity and substantial similarity are distinct, the analysis merges somewhat because "[t]he requirement of originality cuts across both . . . criteria," and "[t]he resemblances relied upon as a basis for finding probative similarity must refer to 'constituent elements of the copyrighted work that are original.'" Johnson, 409 F.3d at 18-19 (quoting Feist, 499 U.S. at 361 (alterations omitted)); see T-Peg, Inc. v. Vermont Timber Works, Inc., 459 F.3d 97, 112 (1st Cir. 2006). "The substantial similarity inquiry . . . . focuses not on every aspect of the copyrighted work, but on those aspects of the plaintiff's work that are protectable under copyright laws and whether whatever copying took place appropriated those protected elements." T-Peg, Inc., 499 U.S. at 361 (quotation marks,

-3-

works, we conclude that, essentially for the reasons stated by the district court in its March 21, 2006, opinion, no reasonable juror could find substantial similarity of expression, even taking the evidence in the light most favorable to plaintiff. To the extent that there are similarities, many of them relate to stock characters and scènes à faire, which are not subject to copyright protection. See Swirsky v. Carey, 376 F.3d 841, 848 (9th Cir. 2004) ("Under the [scènes à] faire doctrine, when certain commonplace expressions are indispensable and naturally associated with the treatment of a given idea, those expressions are treated like ideas and therefore not protected by copyright." (alteration omitted)); MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 194 (2d Cir. 2004) ("Scènes à faire are unprotectible elements that follow naturally from a work's theme rather than from an author's creativity."). The remaining similarities, for example, the similarities in music or editing style, are not substantial, and the differences between the works are fundamental and extensive. Accordingly, entry of summary judgment with regard to the copyright infringement claim was proper.

---

citations and alterations omitted); see Johnson, 409 F.3d at 19 ("in examining whether actual copying has occurred, a court must engage in dissection of the copyrighted work by separating its original, protected expressive elements from those aspects that are not copyrightable because they represent unprotected ideas or unoriginal expressions.").

To the extent that Quaglia also seeks to challenge the district court's denial of his state law claims for breach of implied contract and breach of confidentiality, his claims are based on the theory that DeMontreux directed the third-party producers of "The It Factor" to copy "The Ultimate Audition." However, Quaglia's argument is based only upon a series of inferences that are directly contradicted by the affirmative evidence of record. Accordingly, the district court correctly concluded that Quaglia failed to carry his burden of demonstrating the existence of a genuine issue of material fact with regard to the state law claims. See Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (improbable inferences insufficient to defeat summary judgment); Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001) (absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue); Walter v. Fiorenzo, 840 F.2d 427, 434 (7th Cir. 1988) ("A motion for summary judgment cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit.").

The judgment of the district court is affirmed. See 1st Cir. Loc. R. 27.0(c).____